**Affirmed in Part; Reversed and Remanded in Part and Memorandum Opinion filed May 5, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00771-CV

## NIMESH V. PATEL AND CHANDRAKANT PATEL, Appellants

## V.

## NARENDRA M. PATEL, Appellee

### On Appeal from the 333rd District Court
### Harris County, Texas
### Trial Court Cause No. 2017-17347

### MEMORANDUM OPINION

Appellants Nimesh and Chandrakant Patel bring this interlocutory appeal of the trial court's order denying their motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002 et. seq. Appellants and appellee Narendra Patel[1] are members of a non-profit organization

---

[1] All of the parties in this appeal share the same last name. For ease of reference we will address the parties by their alignment in this court, i.e., appellants and appellee.

called Leva Patidar Samaj of Houston (the Foundation). Appellants sued appellee alleging appellee falsely accused appellants of embezzling funds from the Foundation and, in doing so, harmed appellants' reputations in the community. Appellee filed a counterclaim in which he alleged appellants harmed his reputation in the community and he filed a frivolous lawsuit pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 13. Contending that appellee's counterclaim was based on or related to appellants' free speech rights, appellants filed a motion to dismiss under the TCPA. Appellee opposed the motion on the grounds that (1) the TCPA does not apply; and (2) appellee alleged prima facie evidence to support each element of his claims. The trial court denied appellants' motion to dismiss.

In two issues on appeal appellants argue the trial court should have granted their motion to dismiss because (1) appellee's counterclaim is related to appellants' exercise of protected rights and appellee failed to establish the elements of his claim by clear and specific evidence; and (2) appellants established the essential elements of their affirmative defenses. We conclude that the TCPA applies to appellee's counterclaim with the exception of his claim that appellants filed a frivolous lawsuit. We further conclude that appellee did not present clear and specific prima facie evidence to support each essential element of his defamation and intentional infliction of emotional distress claims. We accordingly reverse the order denying appellants' motion to dismiss appellee's defamation and intentional infliction of emotional distress claims and remand for proceedings consistent with this opinion, including a determination of attorney's fees and other costs. We affirm the trial court's denial of appellants' motion to dismiss appellee's claim that appellants filed a frivolous lawsuit.

2

## BACKGROUND

Each of the parties to this action was a member of the board of directors of the Foundation at some time. When appellee was elected president of the Foundation appellants were outgoing officers. The treasurer of the Foundation informed appellee that appellants transferred over $138,000 in Foundation funds on the day the "power transfer" occurred. The transfer of those funds is at the heart of the dispute between the parties. Appellants alleged they merely transferred funds from one Foundation account to another. Appellee alleged appellants fraudulently withdrew the funds and refused to inform incoming officers of the Foundation where they had moved the funds.

Appellee's allegations that appellants defrauded the Foundation by moving the funds is the source of appellants' lawsuit. According to appellants' petition and TCPA motion to dismiss, appellee sent an email to the Foundation's members in which he falsely alleged that appellants' actions did not comply with the bylaws of the Foundation. Appellee filed a counterclaim in which he alleged appellants not only defrauded the Foundation but used funds from the Foundation to "wage a legal campaign against [appellee] in an attempt to humiliate him and have him expelled from the Foundation as a member." Appellee alleged in his counterclaim that appellants engaged in extreme and outrageous conduct, defamed him, and filed a frivolous lawsuit.

Appellants filed a motion to dismiss appellee's counterclaim under the TCPA alleging that (1) the counterclaim was based on, related to, or was in response to appellants' exercise of their right to free speech; (2) appellee had not and could not establish by clear and specific evidence a prima facie case for each essential element of the claims in his suit; and (3) even if appellee could establish each essential element, appellants established by a preponderance of the evidence each essential

element of a valid defense. As defenses to appellee's claim appellants asserted substantial truth, failure to comply with the Defamation Mitigation Act, and the statute of limitations.

Appellants argued that appellee failed to show prima facie evidence of all the elements of his claim. Appellants argued appellee produced no evidence that appellants published any false or defamatory statements to a third party, or that appellants were negligent in making allegedly defamatory statements. Appellants supported their petition with affidavits in which they averred, "While it is unclear what statements [appellee] claims are defamatory, every fact that I have stated about [appellee] has been substantially true." The affidavits also averred that all facts stated in the motion to dismiss were true.

Appellee responded to appellants' motion to dismiss arguing that (1) appellants had not shown appellee's counterclaim attacked their right to free speech; and (2) appellee alleged clear and specific facts sufficient to establish prima facie evidence of his claims. Appellee attached an affidavit to his response in which he stated:

> I brought my counterclaim against [appellants] because [appellants] have conspired in a relentless campaign to cause me emotional distress by making repeated false accusations against me, directly as well as to third parties.
>
> When this dispute first arose [appellants] stated that it was their goal to bankrupt and destroy me. They have sought to achieve this by besmirching my reputation repeatedly, including accusations that I am mentally unfit, and they have made numerous false accusations against me, including accusations that I stole.
>
> The goal of [appellants] has been to cause me emotional and financial distress and have me ostracized in the Indian community. This conduct by [appellants] has been ongoing from 2016, and continues even today. As recently as April, 2018, [appellants] actively encourage others in the Indian community to ostracize me and his [sic] family based on the

false accusations that [appellants] continue to make against me.

[Appellants] have taken actions with the intention of humiliating me, which have included multiple failed attempts to have me expelled and sanctioned from the Organization we belong to called Leva Patidrar Samaj of Houston. This [sic] attempts were based on false claims, such as claims that I stole and that I am mentally unstable.

On May 6, 2017 [appellants] held a large meeting with members of the Organization aimed at publically [sic] humiliating me and voting me out of the Organization. They spent thousands of dollars to create an elaborate spectacle for members, with a CPA, a team of lawyers, audio and video technicians. The aim was to interrogate and publically [sic] humiliate me with false claims and innuendos. But I had done nothing wrong and was not sanctioned or voted out of the Organization.

I have and continue to suffered severe emotional distress from [appellant's] actions.

[Appellants] have further sought to harass me by filing a frivolous suit against me, alleging I defamed them. However, the alleged defamatory claims I made against [appellants] were true, or substantially true.

The claims made by me in this lawsuit involve a personal matter between [appellants] and myself and do not involve any public concern.

After a hearing, without stating its reasons, the trial court denied appellants' motion to dismiss. A record of the hearing was not filed with this court. Appellants challenge that ruling in this interlocutory appeal.

## ANALYSIS

In two issues appellants argue the trial court erred in denying their motion to dismiss because (1) they satisfied their initial burden to show that the TCPA applied to appellee's counterclaim, and (2) appellee did not present clear and specific prima facie evidence supporting each element of his intentional infliction of emotional distress, defamation, and frivolous lawsuit claims. In the alternative appellants argue they have established affirmative defenses to appellee's claims.

5

## A. Standard of Review and Governing Law

We consider whether the trial court properly refused to dismiss appellee's counterclaim under the TCPA, which is codified in Chapter 27 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.[2] The TCPA is an anti-SLAPP law; "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Fawcett v. Grosu*, 498 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (op. on reh'g). The TCPA is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002; *Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The TCPA "protects citizens from retaliatory lawsuits that seek to intimidate or silence them" from exercising their First Amendment freedoms and provides a procedure for the "expedited dismissal of such suits." *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). We construe the TCPA liberally to effectuate its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017); Tex. Civ. Prac. & Rem. Code § 27.011(a).

To further its stated goals, the TCPA establishes a mechanism for summary dismissal of lawsuits that unacceptably threaten the rights of free speech, the right to petition, or the right of association. *See Lipsky*, 460 S.W.3d at 589; *Fawcett*, 498

---

[2] The Legislature recently amended the TCPA. Those amendments became effective September 1, 2019. In this opinion, all citations to the TCPA refer to the pre-amendment version that was in effect at the time appellee filed his counterclaim.

S.W.3d at 655. A defendant invoking the act's protections must show first, by a preponderance of the evidence, that the plaintiff's legal action is "based on, relates to, or is in response to" the defendant's exercise of one or more of the enumerated rights. *Lipsky*, 460 S.W.3d at 586. If the defendant makes the initial showing, the burden shifts to the plaintiff to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. *See id*. at 587. "Prima facie case" refers to the quantum of evidence required to satisfy the nonmovant's minimum factual burden and generally refers to the amount of evidence that is sufficient as a matter of law to support a rational inference that an allegation of fact is true. *See id*. at 590; *Deaver v. Desai*, 483 S.W.3d 668, 675-76 (Tex. App.— Houston [14th Dist.] 2015, no pet.).

While the act imposes no elevated evidentiary standard, the evidence offered to support a prima facie case must be "clear and specific." This requires "more than mere notice pleading." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam). Clear and specific evidence means that the nonmovant must provide enough detail to show the factual basis for its claim. *Bedford*, 520 S.W.3d at 904. If the movant's constitutional rights are implicated and the nonmovant has not met the required showing of a prima facie case, the trial court must dismiss the nonmovant's claim. Tex. Civ. Prac. & Rem. Code Ann. § 27.005. The evidence the trial court shall consider in determining whether a legal action should be dismissed under the TCPA expressly includes "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a).

## B.    Applicability of TCPA

### 1.    Legal Action

The TCPA applies to any legal action that is based on, relates to, or is in

response to a party's exercise of the right of free speech. Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). The TCPA defines "legal action" to mean "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." Tex. Civ. Prac. & Rem. Code § 27.001(6).

In appellee's counterclaim he alleged that appellants caused him damages through defamation, intentional infliction of emotional distress, and the filing of a frivolous lawsuit. With regard to appellee's allegation that appellants filed a frivolous lawsuit appellee invoked Rule 13 of the Texas Rules of Civil Procedure and section 10.001 of the Texas Civil Practice and Remedies Code.

We address the application of the TCPA to appellee's sanctions request before addressing the application of the TCPA to appellee's remaining counterclaims. We review this issue de novo because it involves construction of a statute as well as a trial court's ruling on a motion to dismiss under the TCPA. *See R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011); *Paulsen v. Yarrell*, 537 S.W.3d 224, 231 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). "In interpreting statutes, our primary purpose is to give effect to the legislature's intent by relying on the plain meaning of the text adopted by the legislature, unless a different meaning is supplied by statutory definition or is apparent from the context, or the plain meaning leads to absurd results." *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citing *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)).

Neither rule 13, nor chapter 10, establish an independent cause of action for damages; rather, they provide a basis for a trial court to impose sanctions or attorney's fees upon motion or the court's own initiative. Tex. R. Civ. P. 13 ("the

8

court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction[.]"); Tex. Civ. Prac. & Rem. Code Ann. § 10.002 (authorizing a party to "make a motion for sanctions"); *see also Guardian Transfer & Storage Inc. v. Behrndt*, No. 14-14-00635-CV, 2016 WL 1267911, at * 7 (Tex. App.—Houston [14th Dist.] Mar. 31, 2016, no pet.) (mem. op.); *Guidry v. Envtl. Procedures, Inc.*, 388 S.W.3d 845, 860 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Rule 13 and Section 10.001 only provide for the filing of a motion for sanctions as a remedy for filing pleadings in bad faith and do not create a cause of action for bad faith. *Guidry*, 388 S.W.3d at 860.

To determine whether the TCPA applies to appellee's claim under Chapter 10 we review the statute's definition of "legal action." The portion of the statute's definition of "legal action" relied on by appellee is the catch-all provision, which includes "any other judicial pleading or filing that requests legal or equitable relief." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6). When the more specific items "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim," are followed by a catch-all "other," the doctrine of *ejusdem generis* requires that the latter must be limited to things like the former. *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015); *Roach v. Ingram*, 557 S.W.3d 203, 218 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (applying ejusdem generis canon to definition of "legal action" in Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)). *See also In re Elliott*, 504 S.W.3d 455, 475 (Tex. App.—Austin 2016, original proceeding) (Pemberton, J., concurring). That canon provides that when general words follow an enumeration of two or more things, they apply only to things of the same general kind or class specifically mentioned. *Hilco Elec. Co-op., Inc. v. Midlothian Butane Gas Co.*, 111 S.W.3d 75, 81 (Tex. 2003).

In *Roach* and *Paulsen*, this court and our sister court held that a TCPA motion

to dismiss is not a "legal action" under the definition in section 27.001(6). 557 S.W.3d at 218; 537 S.W.3d at 234. In *Paulsen*, the First Court of Appeals addressed whether a TCPA motion to dismiss is a "legal action" under the TCPA that would authorize the filing of a countermotion to dismiss under the TCPA. *Paulsen*, 537 S.W.3d at 233. The court in *Paulsen* determined that a TCPA dismissal motion is not itself a TCPA "legal action" subject to a TCPA dismissal motion. *Id*. The court reached this determination by examining the definition of "legal action" in the TCPA.

The appellant in *Paulsen* asserted that the words "any other judicial pleading or filing that requests legal or equitable relief" were broad enough to include a TCPA motion to dismiss. *Id*. The court described the last phrase as a "catch-all following a list of other covered 'legal actions.'" *Id*. Relying on the doctrine of *ejusdem generis*, the court characterized the definition's inclusion of "lawsuit," "cause of action," "petition," "complaint," "cross-claim," and "counterclaim" as a class of procedural vehicles for the vindication of a legal claim. *Id*. The court concluded that a TCPA motion to dismiss is not a procedural vehicle for the vindication of a legal claim and that it is therefore not included in the catch-all provision at the end of the definition. *Id*.

The court in *Paulsen* stated as follows:

> Were we to conclude otherwise, the proliferation of "piecemeal or seriatim 'motions to dismiss' attacking myriad 'legal actions' that consist merely of individual filings within or related to a lawsuit, as opposed to the underlying lawsuit and substantive claims that are the Act's core focus" would result in application of the TCPA that "strays from—and, indeed, undermines through cost and delay—its manifest purpose to secure quick and inexpensive dismissal of meritless 'legal actions' that threaten expressive freedoms."

*Id*. at 233–34 (quoting *In re Elliott*, 504 S.W.3d at 480 (Pemberton, J., concurring)).

10

In *Roach*, this court addressed the same question. *Roach*, 557 S.W.3d at 217. We agreed with *Paulsen*'s interpretation of the TCPA's definition of "legal action" under the doctrine of ejusdem generis. *Id*. at 217–18. We held as follows: "We agree with the *Paulsen* court's reasoning and similarly hold that a TCPA motion to dismiss is not a "legal action" under section 27.001(6) and, accordingly, the TCPA does not authorize [a] counter-TCPA motion in response to [a] TCPA motion to dismiss." *Id*.

Similarly, the Dallas Court of Appeals determined that the catch-all provision of the statutory definition "functions primarily as a safeguard against creative re-pleading of what are substantively lawsuits, causes of action, petitions, complaints, counterclaims, or cross-claims so as to avoid the TCPA's dismissal mechanisms" and, when viewed in light of the purpose of the TCPA, must be given a "somewhat restrictive application." *Misko v. Johns*, 575 S.W.3d 872, 876–77 (Tex. App.—Dallas 2019, pet. denied). In *Misko*, the court held that the TCPA did not apply to a post-judgment motion for discovery sanctions. *Id*.

Contrary to those decisions, in *Hawxhurst v. Austin's Boat Tours*, the Austin Court of Appeals held that the TCPA applied to a counterclaim for sanctions under Chapter 9 of the Texas Civil Practice and Remedies Code alleging the plaintiff had filed a frivolous pleading.[3] 550 S.W.3d 220, 223 (Tex. App.—Austin 2018, no pet.). The Austin Court concluded that, whether characterized as a counterclaim or a motion for sanctions, the request for sanctions under Chapter 9 was a "legal action" as defined by the TCPA and was filed in response to the plaintiff's exercise of the

---

[3] Chapters 9 and 10 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure allow a trial court to sanction an attorney or a party for filing motions or pleadings that lack a reasonable basis in fact or law. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). Chapter 9 only applies in proceedings in which neither Rule 13 nor Chapter 10 applies. Tex. Civ. Prac. & Rem. Code Ann. § 9.012(h). The fact that the appellee in *Hawxhurst* requested relief under Chapter 9 rather than Chapter 10 or Rule 13 is not a distinguishing factor for purposes of whether the TCPA applies to a request for sanctions.

right to petition. *Id.* at 226-28.

Relying on this court's decisions cited above that do not recognize a Chapter 10 sanctions request as a separate cause of action and our previous decision in *Roach*, we decline to expand the Austin Court's holding in today's case. *See Roach*, 557 S.W.3d at 218; *Guidry*, 388 S.W.3d at 860. Appellee's sanctions request in this case is not a "legal action" subject to TCPA dismissal because the TCPA's definition of legal action refers to a "legal action" in the sense of a procedural vehicle for the vindication of substantive causes of action or rights of relief. Appellee's sanctions request under Chapter 10, like the TCPA motions in *Roach* and *Paulsen* do not request legal or equitable relief. *See Paulsen*, 537 S.W.3d at 233-34.

Section 27.011 of the TCPA specifies that the TCPA "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." Tex. Civ. Prac. & Rem. Code Ann. § 27.011. One purpose of Chapter 10 and Rule 13 sanctions is to check abuses in the pleading process; that is, to ensure that at the time the challenged pleading was filed, the litigant's position was factually grounded and legally tenable. *Appleton v. Appleton*, 76 S.W.3d 78, 86–87 (Tex. App.—Houston [14th Dist.] 2002, no pet.). This echoes the TCPA's purpose of permitting expedited dismissal of meritless legal actions. *See Paulsen*, 537 S.W.3d at 231. As pre-existing statutes and rules authorizing sanctions for litigation abuse—the same basic goal as the TCPA—Chapter 10 and Rule 13 are not abrogated by the TCPA.

Accordingly, although the TCPA applies to appellee's pleading insofar as a counterclaim is a "legal action," the TCPA does not apply to appellee's claim that appellants damaged him by filing a frivolous lawsuit because such a claim, to the extent based on rule 13 or Civil Practice and Remedies Code chapter 10, is not a legal action under the TCPA. To hold otherwise would alter one of the purposes of

the TCPA from being intended as a weapon against lawsuit abuse, to being a weapon against weapons against lawsuit abuse. Accordingly, we overrule the portion of appellants' first issue on the TCPA's application to appellee's claim that appellants filed a frivolous lawsuit.

## 2.    Exercise of Free Speech

We now turn to whether appellants showed by a preponderance of the evidence that the TCPA applies to appellee's counterclaims for defamation and intentional infliction of emotional distress. A party moving for dismissal under the TCPA bears the initial burden to show by a preponderance of the evidence that the legal action against them is "based on, relates to, or is in response to" the exercise of either: (1) the right to free speech; (2) the right to petition; or (3) the right of association. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), 27.005(b); *see S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). In this case appellants specifically moved to dismiss because appellee's counterclaim was based on, related to, or was in response to their exercise of the right of free speech.[4]

The TCPA defines the exercise of free speech as "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3). A "matter of public concern" includes an issue related to, inter alia, "environmental, economic, or community well-being." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7). The TCPA does not require that the statements specifically mention any of the listed matters of public concern, nor does it require more than a

---

[4] On appeal appellants further argue that appellee's counterclaim was based on, related to, or was in response to either their exercise of the right of free speech or their exercise of the right of association. Appellee argues appellants waived their argument with regard to the right of association by failing to raise it in the trial court. Because we hold that appellee's counterclaim is in response to appellant's exercise of the right of free speech, we will not address the right of association or whether appellants preserved that issue for review.

tangential relationship to same; rather, the TCPA applies so long as the movant's statements are "in connection with" "issue[s] related to" any of the matters of public concern listed in the statute. *ExxonMobil Pipeline Co.*, 512 S.W.3d at 900.

Turning to appellee's allegations in his live pleading, appellee stated that the appellants and appellee were members of the Board of Directors of the Foundation, a non-profit organization in a "close-knit" community. When appellee questioned appellants about a transfer of the Foundation's funds, appellee alleged appellants:

- refused to provide authorization for newly elected officers to access the funds;
- began a campaign consisting of threats, harassment, and defamatory rumors to retaliate against appellee for questioning appellants about the transfers;
- forced appellee to resign as president of the Foundation;
- accused appellee of stealing funds from the Foundation and of being "mentally unfit";
- used funds from the Foundation to wage a legal campaign against appellee in an attempt to humiliate him and have him expelled from the Foundation; and
- held a special meeting in an attempt to oust appellee from the Foundation.

Appellee's allegations satisfy the element of the statutory definition defining "matter of public concern" as an "issue related to . . . community well-being." *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018) (holding allegations of malfeasance by developer in small residential community concerned the well-being of the community as a whole). All parties described the Foundation as a close-knit community group that promotes culture and heritage. In appellee's response to appellants' motion to dismiss he argues that appellants' goal "has been to cause emotional and financial distress to [appellant] and have him ostracized in the Indian community." Appellee's allegations concern the well-being of the

14

community the Foundation seeks to serve.

Appellee argues that this is a private dispute between private parties. However, the Supreme Court of Texas has held that private communications on "matters of public concern" are covered by the TCPA. *See ExxonMobil Pipeline Co.*, 512 S.W.3d at 901; *Lippincott*, 462 S.W.3d at 509. Appellee's counterclaim is based on, relates to, or is in response to appellants' communications regarding an issue related to the community well-being. *See Backes v. Misko*, 486 S.W.3d 7, 18 (Tex. App.—Dallas 2015, pet. denied). Appellee's counterclaim thus relates to the exercise of the right to free speech, as broadly defined by the TCPA and interpreted by the supreme court. *See Cunningham v. Waymire*, — S.W.3d — No. 14-17-00883-CV, 2019 WL 5382597, at *8 (Tex. App.—Houston [14th Dist.] Oct. 22, 2019, no pet. h.). Appellee's allegations against appellants are matters of public concern in that they are related to community well-being. Accordingly, we sustain the portion of appellants' first issue arguing that the TCPA applies to appellee's claims of defamation and intentional infliction of emotional distress. We conclude that appellants made the initial showing required under the TCPA with regard to those claims. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). The burden then shifted to appellee to establish a prima facie case for his claims of defamation and intentional infliction of emotional distress.

### C.    Prima facie case

If the movants on a TCPA motion to dismiss show that the TCPA applies, the burden shifts to the nonmovants to establish by clear and specific evidence a prima facie case for each essential element of the claim in question to avoid dismissal. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). In determining whether the claim should be dismissed, the court is to consider the pleadings and any supporting and opposing affidavits. *Id.* § 27.006(a); *Lipsky*, 460 S.W.3d at 587. To defeat an appropriate

TCPA motion to dismiss, the opponent must establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

The Supreme Court of Texas has noted that "[c]lear and specific evidence is not a recognized evidentiary standard[,]" and "[a]lthough it sounds similar to clear and convincing evidence, the phrases are not legally synonymous." *Lipsky*, 460 S.W.3d at 589. The term "prima facie case" "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Id.* at 590.

Under the TCPA, general allegations that merely recite the elements of a cause of action will not suffice; rather, "a plaintiff must provide enough detail to show the factual basis for its claim." *Id.* at 590–91. Although the TCPA "initially demands more information about the underlying claim, the Act does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Id.* at 591.

Appellee, in his counterclaim, alleged two causes of action to which the TCPA applies: defamation and intentional infliction of emotional distress. We will address whether appellee met his burden of establishing a prima facie case on each cause of action in turn.

### 1. Defamation

Defamation is a false and injurious impression of a plaintiff published without legal excuse. *See Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000). The elements that a defamation claimant must prove are (1) publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) that proximately caused damages. *See Anderson v. Durant*, 550 S.W.3d 605, 617–18 (Tex. 2018); *Rodriguez v. Gonzales*, 566 S.W.3d 844, 851 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

To resist a TCPA motion to dismiss a defamation claim, the pleadings and evidence must establish "the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff." *Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 54 (Tex. App.—Houston [14th Dist.] 2018, pet. filed) (quoting *Lipsky*, 460 S.W.3d at 591).

The first defamation element we consider is whether appellee established a prima facie case that appellants published false statements of fact about appellee. In considering whether a legal action should be dismissed, a court must consider the pleadings and supporting and opposing affidavits. Tex. Civ. Prac. & Rem. Code § 27.006(a). In this case appellee has failed to establish by clear and specific evidence a prima facie case for the element of a published false statement of fact. In appellee's counterclaim the only references to false statements are:

- appellants began "a campaign to retaliate against [appellee]," which consisted of "threats, harassment, and the spreading of defamatory rumors";
- appellants made "the false claim that [appellee] was mentally unfit and had stolen funds from the foundation";
- appellants "spread rumors that [appellee] was mentally unstable and involved with various acts of malfeasance, including theft."

In appellee's response to appellants' TCPA motion to dismiss, appellee alleged he was defamed by appellants' acts of spreading rumors, "including the false claim that [appellee] was mentally unfit and had stolen funds from the foundation." Appellee's affidavit, attached to his response, states that appellants "made numerous false accusations against [appellee], including accusations that [he] stole."

Appellee has presented no evidence of statements published to third parties. On appeal appellee argues that he presented "at least two specific false claims" that appellants made about him: "that he is mentally deficient" and "that he stole."

17

Appellee presented no evidence of communications published to the community, or to any other third parties. Other than accusing appellants of "spreading rumors" appellee did not allege that appellants' false accusations were communicated to third parties. "Bare, baseless opinions do not create fact questions, and neither are they a sufficient substitute for the clear and specific evidence required to establish a prima facie case under the TCPA." *Lipsky*, 460 S.W.3d at 592. General averments, without more, do not satisfy the minimum requirements of the TCPA. *Id*. at 593.

Appellee failed to present any evidence of the facts of when, where, and what was said. Appellee's statements in his pleadings and affidavit are conclusory, that is, completely devoid of details to support a factual inference or show a factual basis for his claims. Appellee, therefore, failed to establish by clear and specific evidence a prima facie case for the first essential element of defamation, publication to a third party.

We sustain appellants' issue as to appellee's cause of action for defamation.

### 2. Intentional Infliction of Emotional Distress

In appellee's counterclaim he also alleged appellants have engaged in such "extreme and outrageous" conduct "as to be regarded as atrocious and utterly intolerable in a civilized community." Appellee further alleged that appellants' conduct caused him to "suffer severe emotional distress." Appellee alleged that appellants' conduct caused him "numerous, intense headaches, [he] is unable to sleep at night, [and] has been unable to enjoy or digest his food." Although appellee did not specifically plead a cause of action for intentional infliction of emotional distress, such a claim is the only one reasonably discernable from the above allegations construing appellee's pleadings liberally. We consider whether appellee presented clear and specific evidence of a prima facie case for each essential element of intentional infliction of emotional distress.

18

To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Appellants argue that appellee failed to present clear and specific evidence that appellants' conduct was "extreme and outrageous." The second element requires conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017). "Generally, insensitive or even rude behavior does not constitute extreme and outrageous conduct," and "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999). In addition, a claim for intentional infliction of emotional distress cannot be maintained when the risk that emotional distress will result is incidental to the commission of another tort. *Id*. Accordingly, a claim for intentional infliction of emotional distress will not lie if emotional distress is not the intended or primary consequence of the defendant's conduct. *Id*.

Appellee's claim of intentional infliction of emotional distress is dependent on his defamation cause of action. In other words, the "extreme and outrageous" conduct appellants are alleged to have engaged in is making allegedly defamatory statements about appellee. Under Texas law, "intentional infliction of emotional distress is a 'gap filler' tort never meant to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). Rather, it was "created for the limited purpose of allowing recovery in those

rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). Here, because appellee's intentional infliction of emotional distress claims depend on the allegedly defamatory statements of appellants, he has another remedy. A gap-filler tort is not needed. *See id*. (where the gravamen of a complaint is covered by another common-law or statutory tort, intentional infliction of emotional distress is not available). Where, as here, other tort claims are potentially available there is simply no gap to fill and a plaintiff cannot maintain his claim for intentional infliction of emotional distress "regardless of whether he . . . succeeds on, or even makes" the precluding claim. *Id*. at 448.

Because appellee's intentional infliction of emotional distress claims stem from alleged statements appellee contends were defamatory, his intentional infliction of emotional distress claim fails because it is a gap-filler tort and there is no gap to fill. *See Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 814 (Tex. App.—Austin 2017, pet. granted) (holding that intentional infliction of emotional distress claim could not proceed under TCPA because it was based on defamation claim); *Bilbrey v. Williams*, No. 02-13-00332-CV, 2015 WL 1120921, at *14 (Tex. App.—Fort Worth Mar. 12, 2015, no pet.) (mem. op.) (same). *But see Spencer v. Overpeck*, No. 04-16-00565-CV, 2017 WL 993093, at *5 (Tex. App.—San Antonio Mar. 15, 2017, pet. denied) (mem. op.) (holding that intentional-infliction claim could proceed in TCPA case even though duplicate remedies might be offered by other claims because argument premature in TCPA context).

We sustain appellants' issue with regard to appellee's claim for intentional infliction of emotional distress.

## CONCLUSION

The TCPA does not apply to appellee's claim that appellants filed frivolous pleadings. The TCPA applies to appellee's claims of defamation and intentional infliction of emotional distress. Because appellee failed to establish clear and specific evidence of each element of those claims, we reverse the trial court's denial of appellants' motion to dismiss appellee's counterclaims of defamation and intentional infliction of emotional distress. We affirm the trial court's order insofar as it denied appellants' motion to dismiss on appellee's frivolous lawsuit motion. We remand to the trial court to (1) award the amount of reasonable attorney's fees, costs, or expenses that justice and equity may require, and (2) impose sanctions, if any. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(1), (2) (a trial court must award court costs, reasonable attorney's fees, and other expenses incurred in defending against the action as justice and equity may require).


/s/     Jerry Zimmerer
        Justice



Panel consists of Justices Jewell, Bourliot, and Zimmerer.

21